**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOY IIVE OCHE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2300- |
| | § | K-BT |
| ROBERT CERNA *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is habeas petitioner Joy Iive Oche's *Emergency Motion for a Temporary Restraining Order and Stay of Removal* ("TRO"). Doc. 4. For the following reasons, the Motion is **DENIED.**

Petitioner has concurrently filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention and the Government's efforts to remove her to a third country. *See generally* Petition (Doc. 1). According to the petition and attached exhibits, an Immigration Judge ("IJ") entered a final order of removal in 2012 but granted Petitioner withholding of removal to Nigeria under 8 U.S.C. § 241(b)(3). *See* Doc. 1-1 at 1 (Order Withholding Removal). Petitioner was detained by Immigration and Customs Enforcement ("ICE") on July 7, 2026, and now seeks an order enjoining Respondents from removing her from the United States or transferring her outside this District while her habeas petition remains pending.

1

Petitioner alleges that Respondents intend to remove her to Mexico without advance notice or a meaningful opportunity to express a fear of removal to that country. Doc. 4 at 5. But she does not allege that ICE formally notified her of an intended removal to Mexico. Instead, Petitioner states that she learned of the alleged destination only by overhearing detention-facility staff discussing that a flight was being booked to Mexico. *See id.* The written ICE documentation attached to her Petition, however, reflects that ICE was seeking travel documents from Ghana. Doc. 1-1 at 3. Thus, Petitioner's allegation of imminent removal to Mexico is based on an overheard conversation and is inconsistent with the documentary evidence presently before the Court.

For a district court to grant a temporary restraining order, a petitioner must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the requested relief is denied; (3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). A temporary restraining order is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). In assessing irreparable injury, the movant must show a presently existing actual threat; a court may

2

not issue injunctive relief merely "to prevent the possibility of some remote future injury." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).

Petitioner has not demonstrated entitlement to a TRO. First, to the extent Petitioner asks this Court to enjoin Respondents from executing her final order of removal, the Court lacks jurisdiction to grant that relief. Section 1252(g) provides that, except as otherwise authorized by § 1252, "no court shall have jurisdiction to hear any cause or claim" arising from the Attorney General's decision or action to "execute removal orders." 8 U.S.C. § 1252(g). And a petition for review filed in the appropriate court of appeals is the sole and exclusive means for judicial review of an order of removal. 8 U.S.C. § 1252(a)(5).

The Fifth Circuit recently reaffirmed that a request for a stay of removal constitutes a challenge to the execution of a removal order and that a district court lacks jurisdiction to grant such relief. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam) (unpublished) ("A request for stay of removal is a challenge to a removal order.")). There, the court explained that federal courts lack jurisdiction over claims "connected directly and immediately" with a decision or action to execute a removal order and affirmed the denial of a habeas petitioner's request for a TRO staying removal. *Id.*; *see also Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003).

Petitioner characterizes her request as one intended to preserve the "status quo" while the Court considers her alleged due process right to notice and an opportunity to raise a fear of the proposed third country. *See* Doc. 4 at 6. But the relief she requests would directly prohibit Respondents from executing her removal order. The Court therefore lacks jurisdiction to grant the requested stay. Petitioner's constitutional and legal objections to her removal must be pursued, if otherwise available, through the judicial-review procedure Congress established in § 1252. *See* 8 U.S.C. § 1252(a)(2)(D), (a)(5).

Alternatively, even assuming the Court possessed jurisdiction to consider the request, Petitioner has not established entitlement to a TRO under Rule 65. Her assertion that Respondents are preparing to remove her to Mexico within twenty-four hours rests on her allegation that she overheard facility staff discussing a flight to Mexico. Doc. 4 at 5. She provides no written notice, flight itinerary, travel document, declaration from a person with knowledge, or other competent evidence confirming that Mexico is the intended destination or that removal there is imminent. To the contrary, the written ICE documentation submitted with her pleadings reflects that ICE was seeking travel documents from Ghana. The record therefore does not establish that Respondents have selected Mexico as the proposed country of removal, much less that removal to Mexico is imminent.

Petitioner's claim of an immediate Mexico removal is thus speculative. It requires the Court to credit an overheard and unidentified conversation over

4

documentary evidence identifying a different proposed destination. Mere speculation or conclusory allegations of irreparable injury are insufficient to warrant emergency injunctive relief. *See Emerson*, 270 F.3d at 262; *see also Lotter v. Lyons,* No. SA-25-CV-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). The possibility that Petitioner may eventually be removed to some third country does not establish the presently existing actual threat of the specific injury asserted in her Motion—immediate removal to Mexico without notice.

Petitioner likewise has not demonstrated a substantial likelihood of success on the merits. The IJ's 2012 order granted withholding of removal only as to Nigeria. It did not vacate Petitioner's final removal order or prohibit removal to every other country permitted under  8 U.S.C. § 1231(b)(2). *See* 8 U.S.C. § 1231(b)(2)(E). Nothing presently before the Court indicates that Respondents are attempting to remove Petitioner to Nigeria or that the Government has terminated or disregarded the withholding protection applicable to Nigeria. The mere fact that ICE is seeking removal to a third country therefore does not, standing alone, establish a violation of the 2012 withholding order.

Petitioner also relies on the absence of advance notice and an opportunity to express fear of removal to Mexico. But because the record does not establish that Mexico has actually been selected as the country of removal, Petitioner has not shown that Respondents have denied her process concerning an impending removal to that

5

country. Her claim depends upon an intended destination and an imminent removal that the present evidence does not substantiate.

The Court emphasizes that today's ruling is limited to Petitioner's request for emergency injunctive relief. The Court expresses no opinion at this stage regarding the ultimate merits of Petitioner's habeas petition or any statutory or constitutional challenges she may assert therein. Petitioner simply has not carried her burden of establishing the requirements for the extraordinary remedy of a TRO.

Accordingly, Petitioner's *Emergency Motion for a Temporary Restraining Order and Stay of Removal* (Doc. 4) is **DENIED**. Petitioner's habeas petition remains pending to the extent it presents claims over which this Court has jurisdiction.

**SO ORDERED.**

Signed July 15th, 2026.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

6